**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 31, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BELINDA ROBERTSON,

      Plaintiff - Appellant,

v.

CALE ROBERTSON,

      Defendant - Appellee.

No. 26-2070
(D.C. No. 2:26-CV-00676-KG-KRS)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Belinda Robertson, proceeding pro se,[1] appeals the dismissal of her 42 U.S.C. § 1983 suit against her ex-husband Cale Robertson. The district court dismissed her suit for her failure to plausibly allege that Cale acted under color of state law during a violent episode in Las Cruces, New Mexico. On appeal,

_____

[*] After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially help decide this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value, consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Robertson proceeds pro se, we liberally construe her arguments but do not act as her advocate. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023).

Belinda asks us to review the district court's dismissal order but never explains why the court's reasons for dismissing her case were erroneous. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

### I.    Factual Background

According to Belinda Robertson, in January 2021, her ex-husband Cale Robertson raped and threatened to kill her, then traveled to the Doña Ana County Court building, where he broke in with a gun, attacked employees in "all the offices in the building," and holed up for seven hours. Open. Br. at 2. Belinda also claimed that Cale sexually abused a child in 2021. And according to Belinda, police refused to arrest Cale.

### II.    Procedural History

In March 2026, Belinda sued Cale in federal district court in New Mexico. She claimed that Cale acted under color of state law during the violent episode, because he had already "[c]ompleted all steps necessar[y] to be accepted to [the] New Mexico State Police Enforcement Academy" in 2025. R. at 12. She also brought state-law claims alleging that Cale committed medical malpractice and perjury with help from a doctor and a lawyer and that he violated the New Mexico Constitution's state-employee protections. She sought compensatory and punitive damages.

The district court sue sponte dismissed the case because Belinda did not show that Cale had acted under color of state law. *Robertson v. Robertson*, No.

26-cv-00676, 2026 WL 928130, at *1–2 (D.N.M. Apr. 6, 2026). It concluded that Belinda did not allege that Cale's "actions giving rise to this case occurred in his capacity as a New Mexico State Police Officer." *Id.* at *1. So her 42 U.S.C. § 1983 claims failed, and the court declined to exercise supplemental jurisdiction over the remaining state-law claims. *Id.* at *2. The court remanded the remaining claims to state court and dismissed the case. *Id.* It entered final judgment the same day.

That same day, Belinda filed a motion requesting a jury trial, which the district court denied. She then filed a motion asking the court to reconsider its dismissal, but the court denied it too. She then filed a second post-judgment motion, which the court construed as a motion to reconsider its dismissal order, and denied. Belinda timely appealed.

## STANDARD OF REVIEW

We review de novo a district court's sua sponte dismissal of a pro se complaint for failure to state a claim upon which relief can be granted. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009); 28 U.S.C. § 1915(e)(2). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Hardy v. Rabie*, 147 F.4th 1156, 1162 (10th Cir. 2025) (citation omitted). "To state a claim, the plaintiff's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1163 (citation modified).

3

**DISCUSSION**

Belinda asks us to review the basis for the district judge's dismissal. She also wants us to issue subpoenas to "[a]ll the Authorities that [were] in this case" and inquire into "why [Cale was] not Arrested or Persecuted [*sic*] for Domestic Terrorism." Open. Br. at 4.

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denv.*, 784 F.3d 1364, 1366 (10th Cir. 2015). Belinda fails in this task. She does not provide a reasoned legal argument challenging the district court's dismissal.

Belinda's opening brief identifies two purported issues with the district court's opinion. The first is that multiple cameras and witnesses observed Cale "walk[] Around building Second and First Floor, and Attack[] in a verbal Use and With a Firearm For 7 hours." Open. Br. at 3. The second is that "[she] was in the Building in the Moment that [she] was a witness of Incident," and "[a]uthorities watched his Behavior" where he "tr[ied] to kill or Intended to hurt or cause any physical Abuse." *Id.* According to Belinda, in dismissing the case, the district court disregarded the importance of American life.

As we have explained, "[r]ecitation of a tale of apparent injustice may assist" in showing that the district court's decision was wrong, "but it cannot substitute for legal argument." *Nixon*, 784 F.3d at 1366. We don't see anything in Belinda's brief resembling a legal argument that the district court was wrong

4

to dismiss her case for failure to state a claim upon which relief can be granted. So we affirm the district court.

Belinda also asks to proceed in forma pauperis (IFP) on appeal. The district court declined to grant her IFP status, but Federal Rule of Appellate Procedure 24(a)(5) permits us to consider her renewed motion to proceed IFP on appeal. To succeed, she must show an inability to pay the required filing fees and "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007); *see Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). She shows the inability to pay, but, again, she offers no reasoned, nonfrivolous argument on the law or facts. So we deny her IFP motion and she must pay the filing fee. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Finally, Belinda seeks electronic-filing privileges. Because we have resolved her appeal, we deny that motion as moot.

### CONCLUSION

We affirm the district court, deny the IFP motion, and deny as moot the motion for electronic-filing privileges.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5